Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| STEPHANIE PENA, an Individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $1,500,000<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Stephanie Pena, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Stephanie Pena, lives in Washington County, Oregon. Defendant is a public corporation incorporated in, and with a principal place of business, in Oregon. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, governs the university. As a public

corporation, it receives federal and state funding. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about April 18, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Washington County, Oregon.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

Plaintiff worked without incident for approximately ten years as a Registered Nurse at Defendant's facility.  Plaintiff's position as a Case Utilization Manager, was made fully remote in 2019, before the pandemic occurred.  Plaintiff worked successfully and exclusively from home and was in daily contact with her co-workers via computer, pager, and phone.

5.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability.

6.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements. The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

7.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with medical conditions or religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for medical and religious exceptions.  As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body.  On or about September 30, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

8.

In addition, Plaintiff has multiple allergies to medications and vaccines and was concerned that she would have an allergic reaction to the COVID-19 vaccine.  Plaintiff filed for a medical exception on September 30, 2021.

10.

On October 18, 2021, the vaccine policy took effect. On October 19, 2021, Plaintiff was notified by her manager to return all OHSU equipment and devices in her possession for remote telework at her home. She promptly complied. On December 2, 2021, she was terminated, despite having no in-person contact with patients or co-workers.

11.

Plaintiff was devastated and felt great sadness over the loss of her work, including suffering from anxiety and depression. Plaintiff had no intention of retiring until at least her full retirement age of 67 years and had anticipated being able to continue to work until age 70, to maximize her social security income. Working remotely from home was productive and satisfactory for both Plaintiff and Defendant.  There was no need for additional accommodation

as she was already working remotely full-time.

12.

The termination of Plaintiff's pay and benefits, including medical benefits and retirement, has had a significantly negative impact on her life. Prior to her termination, Plaintiff was earning approximately $125,000 yearly, plus a generous benefits package, and was able to contribute generously to her retirement accounts, as well as receive retirement contributions from Defendant. The financial insecurity and anxiety forced Plaintiff to take early social security income, which is far less than she would have collected if she had been allowed to continue to work until at least full retirement age.

16.

The Defendant has yet to explain why, in its view, after two years working remotely, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her termination.

17.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. Plaintiff did not need any additional accommodation as she was already working fully remotely. Instead, Defendant took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

18.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and

stigmatized unfairly for her religious convictions, including loss of her seniority and position, resulting in emotional stress, trauma and social stigma.

## FIRST CLAIM FOR RELIEF
### (Unlawful Employment Discrimination Based on Religion in Contravention of Or. Rev. Stat. § 659A.030)

19.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

20.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

21.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

22.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an unfair hardship to have allowed Plaintiff to continue remotely from home, as was done for the two years before the imposition of the COVID-19 vaccine mandate.

23.

Instead of continuing the reasonable accommodation that was already in place and that would have allowed accommodation for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause

of Plaintiff's wrongful termination.

24.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $1,000,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

25.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

26.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

27.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

28.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely, as was done for the two years before the imposition of the COVID-19 vaccine mandate.

29.

Instead of continuing the reasonable accommodation that was already in place and that would have allowed accommodation for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

30.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $1,000,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $1,000,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 1st day of June, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com

Attorney for the Plaintiff