IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHANIE PENA, an individual, | Case No. 23-cv-797-SI |
| Plaintiff, | **ORDER** |
| v. | |
| OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Stephanie Pena sues her former employer Oregon Health and Science University (OHSU), asserting two claims for unlawful employment discrimination under Oregon Revised Statutes § 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Plaintiff's Complaint alleges that OHSU engaged in a series of adverse employment actions, culminating in the termination of Plaintiff's employment, after Plaintiff refused to comply with OHSU's COVID-19 vaccine mandate on grounds that receiving the COVID-19 vaccine conflicts with her sincerely held religious beliefs.

PAGE 1 – ORDER

Before the Court is OHSU's Motion to Dismiss, ECF 4. OHSU moves to dismiss Plaintiff's Title VII claim, contending that Plaintiff fails to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its motion, OHSU represents that, following the parties' conferral, Plaintiff agreed voluntarily to dismiss with prejudice her state law discrimination claim.

OHSU filed its Motion to Dismiss on November 20, 2023. Plaintiff's response to the motion was due on December 4, 2023. *See* Local Rule 7-1(e). Plaintiff did not file a response or request an extension of time for her response. The Court clerk contacted Plaintiff's counsel about Plaintiff's failure to respond, and Plaintiff informally requested an extension of time to respond. The Court granted Plaintiff's request and extended the deadline for Plaintiff's response to December 27, 2023. ECF 6. Again, Plaintiff failed timely to respond to OHSU's motion and did not request an additional extension of time to respond.

A plaintiff who "makes a claim" in a complaint "but fails to raise the issue in response to a defendant's motion to dismiss" that claim, "has effectively abandoned [that] claim." *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006); *see also Maldonado v. City of Ripon*, 2021 WL 2682163, at *8 (E.D. Cal. June 30, 2021) ("Plaintiff does not address Defendants' arguments regarding punitive damages in his opposition to the motion to dismiss and therefore concedes the arguments."); *Kerrigan v. Allstate Ins.*, 543 F. Supp. 3d 843, 845-46 (C.D. Cal. June 10, 2021) ("Plaintiff also did not oppose and, thus, concedes, Defendants' argument that because Allstate Insurance was not a party to the insurance policy at issue in this action it was improperly named and should be dismissed.").

Given Plaintiff's failure to respond to OHSU's Motion to Dismiss, Plaintiff has effectively abandoned her claims. The Court GRANTS OHSU's Motion to Dismiss, ECF 4. The

PAGE 2 – ORDER

Court dismisses Plaintiff's state law claim with prejudice and dismisses Plaintiff's federal law claim without prejudice.

**IT IS SO ORDERED.**

DATED this 5th day of January, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER